EZELL *VS* MILLER.

[For the decision of the Court, upon the points raised in this case, see the opinion in the case of Sampson and Lindsay vs. Gazzam.— Page 123, of this volume.]

Error to the Circuit court of Autauga county.

Action on the case against defendant, as a common carrier. At the Spring term of the Circuit court of Autauga County, eighteen hundred and thirty-two, Henry D. Miller declared against John Ezell, for that, whereas, defendant, on a certain day, in the county aforesaid, was possessed of a certain steam-boat, which he employed in conveying and transporting goods, wares, merchandise and passengers, from different prots, situate upon a certain public high-way, called the Alabama river, to other ports situate thereon, for a reasonable compensation and reward, for the freight; and whereas, under the laws and customs of the State, he was bound, as a common carrier, to use the utmost care and dilligence, in safely conveying and transporting all the goods, wares and merchandises, so committed to his care, to their place of destination,—nevertheless, the said defendant, contriving, and maliciously and fraudulently intending to injure the plaintiff in this behalf, so carelessly demeaned and conducted himself, that certain eight bags of cotton, of the value of one thousand dollars, that the plaintiff placed on board of the said steam-boat, at Miller's Landing, on the said river, to be conveyed to Mobile for a certain reasonable hire and reward, then and there agreed on, were destroyed while on board of the said boat, and before the same were conveyed to Mobile—so that the same were wholly lost to the plaintiff, and were never delivered to the plaintiff, or any person in Mobile, for him.

The second count charged, that plaintiff had deli-- vered on board of the boat, at Miller's Landing, cer- tain other eight bales of cotton, to be delivered at Mobile, for a reasonable hire, which were wholly lost, and never came to hand at Mobile.

The third count charged, that defendant received of plaintiff, at Miller's Landing, certain other eight bales of cotton, to be conveyed by said steam-boat, to Mobile, for a reasonable hire and reward; and that, disregarding his duty, as a common carrier, defendant did not convey them to Mobile; but while the same was on board of the boat, by the carelessness of said defendant and his servants, and the mismanagement of the boat, the same were lost to the plaintiff.

The fourth count charged, that plaintiff lost eight bales of cotton, which casually came into the posses- tion of defendant, by finding, that defendant refused so deliver them to plaintiff; and had converted them to his own use, &c.

To this declaration the general issue was pleaded.

And at the Fall term of the court, eighteen hundred and thirty-four, a jury being elected, tried and sworn, well and truly to try the issue joined between the parties, on their oaths, said they found for the plaintiff, &c. It was therefore considered by the court, that the plaintiff should recover of the defendant, the sum assessed by the jury, together with his costs, in the suit expended, &c.

From this judgment there was a writ of error to this court,—and the bill of exceptions stated, that on the trial of the case, the plaintiff offered evidence, tending to shew the shipment by him of eight bales of cotton, on board the steam-boat Mobile, of which the defendant was part owner. There was no evi- dence offered by the plaintiff, tending to shew any ex- press contract between him and defendant, in relation to said shipment. Plaintiff proved that the said steam-

boat was burnt up, and destroyed by fire, and the cotton thereby lost and destroyed.

The defendant produced the certificate of the wardens of Mobile, shewing the said boat to be staunch, well provided, and in all respects river-worthy, and offered to prove, by numerous witnesses, that it was usual and customary among all persons, trading or shipping goods or cotton on the Alabama river, when no bills of lading were taken for the goods or cotton shipped, to consider them as shipped under a contract to deliver at the place of destination, the dangers of the river only excepted. He further offered to prove, that dangers of the river, included all the dangers incident to steam-boat navigation—and that any loss, happening by fire, without the negligence or want of care of those having the charge of the steam-boat, was within the term of the exception ; and that their meaning had been affixed and given by the general usage and custom of all persons shipping on the river. Defendant further offered to prove, that, by the usage and custom of merchants on the Alabama river, and in Mobile, such meaning had been given to such contracts of shipment, as heretofore stated.

Defendant further offered to prove, that the said fire was not occasioned by the want of care, skill or diligence, and was no way attributable thereto: that the said boat was skilfully managed, and navigated ; and that the utmost care and diligence were taken, to prevent any injury from fire. All which evidence the court rejected, and charged the jury, that the defendant was responsible, under the contract which the law implied from his receiving the cotton, to be carried for hire, and made him liable for the cotton, unless it was destroyed by the act of God, or the enemies of the State.

The plaintiff in error assigned for error, that the court below erred, in giving the charge, and rejecting the evidence, as specified in the bill of exceptions.

*Campbell*, for the plaintiffs in error.

*J. H. Thorington*, contra.

ORMOND, J.—The questions of law arising in this case, have been settled, in favor of the plaintiff in error, by the decision of this court, at the last term, in the case of *Sampson and Lindsay vs Gazzam.** The judgment must, therefore, be reversed, and the cause remanded for another trial, in conformity with the opinion of the court in the case above cited.

---

*See page 123.